1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11 APOLLO FINANCE, LLC,        )    2:15-CV-9696 RSWL (PJWx)
                               )
12              Plaintiff,     )
                               )    **ORDER re: DEFENDANT'S**
13      vs.                    )    **MOTION TO DISMISS FOR**
                               )    **FAILURE TO STATE A CLAIM**
14                             )    [12]
                               )
15 CISCO SYSTEMS, INC.,        )
                               )
16                             )
                Defendant.     )
17 _____ )

18      Now before this Court is Defendant Cisco Systems

19 Inc.'s ("Defendant") Motion to Dismiss for Failure to

20 State a Claim [12] ("Motion").  Defendant seeks a

21 complete dismissal of Plaintiff Apollo Finance, LLC's

22 ("Plaintiff") Amended Complaint.  The present Motion

23 arises from a patent infringement action brought by

24 Plaintiff against Defendant.  Plaintiff alleges that

25 Defendant has directly infringed, and continues to

26 directly infringe, Plaintiff's patent: U.S. Patent No.

27 8,435,038 ("'038 Patent" or "the Patent") by producing,

28 using, selling and/or offering for sale certain

1

products without the authority of Plaintiff.  For the
reasons discussed below, this Court **GRANTS** Defendant's
Motion, without leave to amend.

### I.  BACKGROUND

**A.  <u>Factual Background</u>**

On May 7, 2013, the United States Patent and
Trademark Office ("USPTO") issued the '038 Patent,
entitled "METHODS AND SYSTEMS FOR TEACHING A PRACTICAL
SKILL TO LEARNERS AT GEOGRAPHICALLY SEPARATE
LOCATIONS."  Compl. ¶ 7, ECF No. 1.  The '038 Patent
claims "among other things, a method for teaching a
practical skill to a plurality of learners at
geographically separate locations and includes
receiving, for each learner, a video feed generated by
a camera at the learner's location."  <u>Id.</u> at ¶ 11.

Plaintiff is the assignee and owner of all rights,
title, and interest in the '038 Patent.  <u>Id.</u> at ¶ 8.
The inventors of the '038 Patent assigned their entire
right, title, and interest in the Patent to Plaintiff
on March 26, 2007, which assignment was subsequently
recorded with the USPTO.  <u>Id.</u> at ¶ 9.  Plaintiff
alleges Defendant practices the methods as claimed by
the '038 Patent through the production, use, and sale
of the "Cisco WebEx product" and related products
(collectively "Accused Products").  <u>Id.</u> at ¶ 12.

**B  <u>Procedural Background</u>**

On December 17, 2015, Plaintiff filed its Complaint
[1].  On February 12, 2016, Defendant filed its Motion

1  to Dismiss for Failure to State a Claim [12].  On
2  February 23, 2016, Plaintiff filed its Opposition [20].
3  On March 1, 2016, Defendant filed its Reply [21].  The
4  motion was set for hearing on March 15, 2016.  The
5  motion was found suitable for decision without oral
6  argument and was taken under submission on March 9,
7  2016 [22].

**II.   DISCUSSION**

8

9  **A.   Legal Standards**

10     1.   Motion to Dismiss Pursuant to FRCP 12(b)(6) –
11          Failure to State a Claim on Which Relief May be
12          Granted

13     Federal Rules of Civil Procedure Rule 8 requires
14  that a complaint allege enough factual matter that,
15  taken as true, would entitle the plaintiff to relief.
16  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555
17  (2007).  The complaint must "give the defendant fair
18  notice of what the claim is and the grounds upon which
19  it rests."  Id.  Mere labels and conclusions are
20  insufficient to give fair notice and "a formulaic
21  recitation of the elements of a cause of action will
22  not do."  Id.

23     When a complaint falls short of the Rule 8
24  requirement, it is properly dismissed under Federal
25  Rules of Civil Procedure Rule 12(b)(6) for "failure to
26  state a claim upon which relief may be granted."  Fed.
27  R. Civ. P. 12(b)(6).  "Threadbare recitals of the
28  elements of a cause of action, supported by mere

conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).  "Factual allegations must be enough to raise a right of relief above a speculative level." <u>Eclectic Props. E., LLC v. Marcus & Millichap Co.</u>, 751 F.3d 990, 995 (9th Cir. 2014) (quoting <u>Twombly</u>, 550 U.S. at 555).

This district has examined the application of <u>Iqbal</u> and <u>Twombly</u>'s plausability standard to direct patent infringement actions such as the present matter.  <u>See Medsquire LLC v. Spring Medical Systems Inc.</u>, No. 2:11-cv-04504-JHN-PLA, 2011 WL 4101093 at *2 (C.D. Cal. Aug. 31, 2011).  In patent cases, "with regard to [a] direct infringement claim, [a] court need not accept as true conclusory legal allegations cast in the form of factual allegations."  Id.

2.   <u>Patent Eligibility Under 35 U.S.C. § 101</u>

Patent-eligibility is a question of law.  <u>OIP Techs., Inc. v. Amazon.com, Inc.</u>, 788 F.3d 1359, 1362 (Fed. Cir. 2015).  Courts may address whether a patent is eligible under the Patent Act, pursuant to § 101, through a motion to dismiss.  <u>See</u>, <u>e.g.</u>, <u>Content Extraction & Transmission LLC v. Wells Fargo Bank, N.A.</u>, 776 F.3d 1343 (Fed. Cir. 2014) (affirming district court's grant of a motion to dismiss based on a § 101 analysis).

Section 101 of the Patent Act defines patentable subject matter as: "any new and useful process, machine, manufacture, or composition of matter, or any

new and useful improvement thereof."   35 U.S.C. § 101.
However, the Supreme Court has long held that this
provision contains an important implicit exception.
<u>Mayo Collaborative Services v. Prometheus Laboratories,
Inc.</u>, 132 S. Ct. 1289, 1293 (2012).   "[L]aws of nature,
natural phenomena, and abstract ideas" are not
patentable.   <u>Id.</u> (citing <u>Diamond v. Diehr</u>, 450 U.S.
175, 185 (1981)); <u>see also</u> <u>Bilski v. Kappos</u>, 561 U.S.
593 (2010).   The Supreme Court noted "[p]henomena of
nature, though just discovered, mental processes, and
abstract intellectual concepts are not patentable, as
they are the basic tools of scientific and
technological work."   <u>Mayo</u>, 132 S. Ct. at 1293 (citing
<u>Gottschalk v. Benson</u>, 409 U.S. 63, 67 (1972)).
"[M]onopolization of those tools through the grant of a
patent might tend to impede innovation more than it
would tend to promote it."   <u>Id.</u>   The Supreme Court has
explained that the "prohibition against patenting
abstract ideas 'cannot be circumvented by attempting to
limit the use of the [idea] to a particular
technological environment' or adding 'insignificant
postsolution activity.'"   <u>Bilski</u>, 561 U.S. at 6110-6111
(citing <u>Diamond</u>, 450 U.S. at 191-192).

    At the same time, the Supreme Court "tread[s]
carefully in construing this exclusionary principle
lest it swallow all of patent law."   <u>Mayo</u>, 132 S. Ct.
at 1293.   At some level, "all inventions . . . embody,
use, reflect, rest upon, or apply laws of nature,

natural phenomena, or abstract ideas." <u>Id.</u>  Thus, an invention is not rendered ineligible for patent simply because it involves an abstract concept.  <u>See</u> <u>Diamond</u>, 450 U.S. at 187.  "[A]pplication[s] of such concepts 'to a new and useful end,' we have said, remain eligible for the monopoly granted under our patent laws." <u>Alice Corp. Pty. Ltd. v. CLS Bank Intern.</u>, 134 S. Ct. 2347, 2354 (2014) (citing <u>Gottschalk</u>, 409 U.S. at 67.).

The U.S. Supreme Court has set forth a two-step "framework for distinguishing patents that claim laws of nature, natural phenomena, and abstract ideas from those that claim patent eligible applications of those concepts." <u>Alice</u>, 134 S. Ct. at 2355 (citing <u>Mayo</u>, 132 S. Ct. at 1289).  First, the court determines whether the claims at issue are directed to one of those patent-ineligible concepts mentioned above.  <u>Id.</u>  If so, then the second step requires the court to search for an "inventive concept" by considering the elements of each claim — both individually and as an ordered combination — "to determine whether the additional elements 'transform the nature of the claim' into a patent-eligible application." <u>Id.</u> (citing <u>Mayo</u>, 132 S. Ct. at 1297–98).  If the claims at issue are directed to a patent-ineligible concept and the elements of each claim do not transform it into a patent-eligible application, then the claims are patent-ineligible under 35 U.S.C. § 101.  <u>See</u> <u>id.</u> at 2355, 2360.  The

1  Supreme Court has described step two of this analysis
2  as a search for an "inventive concept," meaning an
3  element or combination of elements that is "sufficient
4  to ensure that the patent in practice amounts to
5  significantly more than a patent upon the [ineligible
6  concept] itself."   <u>Mayo</u>, 132 S. Ct. at 1294.

7  **B.   <u>Analysis</u>**

8       1.   <u>Plaintiff's Pleadings Fail to Meet the</u>
9            <u>Twombly/Iqbal Standard</u>

10      This Court finds Plaintiff's Complaint [1] fails to
11  meet the pleadings standard set forth in <u>Twombly</u> and
12  <u>Iqbal</u>, and thus should be dismissed for failure to
13  state a plausible claim for relief.   Plaintiff's
14  Complaint merely alleges that Defendant has "directly
15  infringed and continues to directly infringe, literally
16  and/or under the doctrine of equivalents, the '038
17  Patent by producing, using, selling and/or offering for
18  sale in the United States, including in this Judicial
19  District, the Accused Products, without the authority
20  of [Plaintiff]."   Compl. ¶ 15, ECF No. 1.

21      "[M]ost courts have, in the wake of <u>Twombly</u> and
22  <u>Iqbal</u>, required some level of specificity" beyond
23  recitation of a patent infringement claim's elements.
24  <u>Wistron Corp v. Phillip M. Adams & Associates, LLC</u>, No.
25  CV-10-4458-EMC, 2011 WL 4079231, at *4 (N.D. Cal. Sept.
26  12, 2011).   In <u>Proxyconn Inc. v. Microsoft Corp.</u>, the
27  court granted Defendants' motion to dismiss for failure
28  to state a claim under Rule 12(b)(6).   No. CV-11-1681-

DOC-ANx, 2012 WL 1835680, at * 4 (C.D. Cal. May 16, 2012). The court reasoned: "it is clear that Plaintiff's allegations are too conclusory when they merely allege that each Defendant is directly infringing 'by making, using, selling, offering to sell, or importing' technology that infringes Plaintiff's method patent." Id. As in Proxyconn, Plaintiff in the present case simply identifies the allegedly infringing products and parrots the language of a direct patent infringement claim, alleging that Defendant's "producing, using, selling and/or offering for sale" of the "Cisco WebEx product and related products," infringes on the '038 Patent. Compl. ¶¶ 12, 15. Plaintiff provides no further specificity as to its claim or the Accused Products.

In Plaintiff's Opposition [20] to Defendant's Motion to Dismiss, Plaintiff argues that "Plaintiff's complaint specifically identifies [Defendant's] infringing product, stating 'through the use and sale of the Cisco Web-Ex Product and related products, [Defendant] infringes the '038 Patent.'" Opp'n 18:5-8, ECF No. 20. Plaintiff notes, "[p]resumably, [Defendant] knows what its own WebEx product is, leaving one to wonder what more specificity would add additional notice or clarity. [Plaintiff] needs additional information, which it expects to obtain through discovery, to finalize its infringement contentions." Id. at 18:9-14.

1    The Court finds this argument unpersuasive, and in
2  fact, indicative that Plaintiff is not clear on what
3  the Accused Products are, or how, if at all, they may
4  be infringing on the '038 Patent.  As in Proxyconn,
5  Plaintiff does not state a plausible claim for patent
6  infringement by simply identifying the allegedly
7  infringing products and reciting the elements of a
8  patent infringement claim in a conclusory fashion,
9  absent any factual support.  Accordingly, this Court
10 **GRANTS** Defendant's Motion to Dismiss [12] on these
11 grounds.

12    2.  <u>The '038 Patent Constitutes Patent Ineligible</u>
13        <u>Subject Matter and is Thus Invalid</u>
14        a.  *Standard of Proof*

15    In Alice, the Supreme Court applied a two-prong
16 test to determine patentable subject matter
17 eligibility: 1) assessing whether the claims are
18 "directed to one of those patent-ineligible concepts" –
19 a law of nature, physical phenomenon or abstract idea,
20 and 2) if so, whether it also claimed an "inventive
21 concept" that "ensure[s] that the patent in practice
22 amounts to significantly more than a patent on the
23 [ineligible concept] itself."  134 S. Ct. at 2355
24 (citing <u>Mayo</u>, 132 S. Ct. at 1303).  In applying Section
25 101 analysis at the pleading stage, the movant bears
26 the burden of establishing that the claims are patent-
27 ineligible, and the Court will construe the patent
28 claims in a manner most favorable to Plaintiff.  <u>See</u>

9

<u>Content Extraction & Tranmission LLP v. Wells Fargo</u>
<u>Bank, Nat'l Ass'n</u>, 776 F.3d 1343, 1349 (Fed. Cir.
2014).

Previously, the Federal Circuit and courts in this
district have presumed that issued patents are valid,
and have required defendants to prove patent-
ineligibility by clear and convincing evidence.  <u>See</u>
<u>Microsoft Corp. v. i4i Ltd. P'ship</u>, 131 S.Ct. 2238,
2242 (2011); <u>see also</u> <u>Ultramerical, Inc. v. Hulu, LLC</u>,
("Ultramercial I") 722 F.3d 1335, 1342 (Fed. Cir.
2013), <u>vacated and remanded on other grounds by</u>
<u>WildTangent, Inc. v. Ultramercial, LLC</u>, 134 S.Ct. 2870
(2014) (holding that the clear and convincing
evidentiary standard applies to Section 101
challenges); <u>CMG Fin. Servs., Inc. v. Pac. Trust Bank,</u>
<u>F.S.B.</u>, 50 F. Supp. 3d 1306, 1314 (C.D. Cal. 2014)
(citation omitted) (applying clear and convincing
evidence standard to Section 101 challenge).  However,
the appropriateness of attaching a presumption of
validity to a patent subject to a Section 101 analysis
has been questioned.  <u>See</u> <u>Ultramercial, Inc. v. Hulu,</u>
<u>LLC</u> ("Ultramercial II"), 772 F.3d 709, 720-21 (Fed.
Cir. 2014); <u>see also</u> <u>TNS Media Research, LLC v. Tivo</u>
<u>Research & Analytics, Inc.</u>, No. 11-cv-4039 SAS, 2016 WL
817447, at *10 (S.D.N.Y. Feb. 22, 2016) (holding that
"the presumption of validity – and its concomitant
clear and convincing evidence standard – does not apply

1  to section 101 claims."  The court reasoned: "because

2  no evidence outside the pleadings is considered in

3  deciding a motion to dismiss . . . it makes little

4  sense to apply a clear and convincing standard - a

5  burden of proof - to such motions." (citation

6  omitted)).

7          b.  *The '038 Patent's claims are directed to*

8              *an abstract idea.*

9       Identifying whether a claim is "directed to an

10 abstract idea" under step one of the Alice test

11 requires courts to examine the purpose of a challenged

12 claim.  See Cal. Inst. Tech. v. Hughes Commc'ns, Inc.,

13 59 F. Supp. 3d 974, 991-992 (C.D. Cal. 2014) (requiring

14 that a court "identify the purpose of the claim - in

15 other words, what the claimed invention is trying to

16 achieve - and ask whether that purpose is abstract,"

17 making the Alice/Mayo step 1 "a sort of 'quick look'

18 test, the object of which is to identify a risk of

19 preemption and ineligibility.").  "Although the Supreme

20 Court in Alice identified three categories of ideas

21 that the Court had previously found to be 'abstract' -

22 mathematical principles, fundamental economic

23 practices, and longstanding commercial practices - the

24 Court did not hold that a claim can only be directed to

25 an abstract idea if it falls within one of these

26 categories."  Williamson v. Citrix Online, LLC, No. Cv-

27 11-02409-SJO (C.D. Cal. Feb. 17. 2016).

28      Rather, "[t]he Supreme Court has not established a

1  definitive rule to determine what constitutes an
2  'abstract idea' sufficient to satisfy the first step of
3  the Mayo/Alice inquiry." Enfish, LLC v. Microsoft
4  Corp., No. 2015-1244, 2016 WL 2756255, at *4 (Fed. Cir.
5  May 12, 2016). However, the Supreme Court has noted
6  that "if a patent's recitation of a computer amounts to
7  a mere instruction to 'implemen[t]' an abstract idea
8  'on . . . a computer,' that addition cannot impart
9  patent eligibility . . . Given the ubiquity of
10  computers, wholly generic computer implementation is
11  not generally the sort of 'additional featur[e] that
12  provides any 'practical assurance that the process is
13  more than a drafting effort designed to monopolize the
14  [abstract idea] itself." Alice, 134 S. Ct. at 2358
15  (citing Mayo, 133 S. Ct. At 2116).
16      Nonetheless, the Federal Circuit recently discussed
17  in Enfish that it does "not read Alice to broadly hold
18  that all improvements in computer-related technology
19  are inherently abstract, and, therefore, must be
20  considered at step two. Indeed, some improvements in
21  computer-related technology when appropriately claimed
22  are undoubtedly not abstract, such as a chip
23  architecture, an LED display, and the like. Nor do we
24  think that claims directed to software, as opposed to
25  hardware, are inherently abstract and therefore only
26  properly analyzed at the second step of the Alice
27  analysis. Software can make non-abstract improvements
28  to computer technology just as hardware improvements

1   can."   2016 WL 2756255, at *4.

2       "Notwithstanding the difficulties inherent in
3   applying Section 101, at least one relatively settled
4   rule has emerged: claims that 'improve the functioning
5   of the computer itself' or 'effect an improvement in
6   any other technology or technological field' may
7   provide an inventive concept sufficient to overcome the
8   risk of preemption inherent in claiming an abstract
9   idea." Williamson, cv-11-02409 SJO (JEMx) (C.D. Cal.
10  Feb. 17, 2016) (citing Alice, 134 S. Ct. At 2359
11  (citations omitted)).   In fact, this district has held
12  "[t]hat generic computer technology allow[ing] for a
13  more efficient process does not confer patent
14  eligibility." Wolf v. Capstone Photography, Inc., No.
15  13-cv-09573, 2014 WL 7639820, at *13 (C.D. Cal. Oct.
16  28, 2014).

17      Here, the Court finds that the claims of the '038
18  Patent are directed to the abstract concept of teaching
19  practical skills to learners at geographically separate
20  locations over the internet.[1]   A review of the

21

22      [1]In support of this finding, the Court notes the Abstract of
23  the '038 Patent describes the invention as follows: "A method for
    teaching a practical skill to a plurality of learners at
24  geographically separate locations includes receiving, for each
    learner, a video feed generated by a camera at the learner's
25  location.   The video feed depicts at least an subject on which
    the learner is demonstrating the practical skill.   The teacher
26  simultaneously displays the video feeds for the plurality of
    learners on a display screen at a location of the teacher.   One
27  or more learners are allowed to submit questions to the teacher
    that are not immediately conveyed to the other learners.   The
28  teacher is allowed to select one of the learners having a

1   independent and method claims reveal that they are
2   wholly directed to this abstract concept.[2]  Thus, it is
3   clear to this Court that the '038 Patent, "[s]horn of
4   its implementation-specific fleece," <u>Open Text S.A. v.</u>
5   <u>Box, Inc.</u>, 78 F.Supp. 3d 1043, 1047 (N.D. Cal. 2015),
6   is directed at the specific purpose of creating a
7   virtual, interactive learning environment.
8   Furthermore, courts have repeatedly found similar
9   concepts to be abstract ideas.  <u>See</u> <u>Williamson</u>, 11-cv-
10  02409 SJO (JEMx) (C.D. Cal. Feb. 17, 2016) (finding the

_____

question for individualized instruction, and to establish a
private communication channel between the teacher and the
selected learner."  U.S. Patent No. 8,435,038 B2 (filed Oct. 17,
2006), Compl. Ex. A ('038 Patent, "Abstract"), ECF No. 1-1.

[2]Claim 1 recites a "method for teaching a practical skill to
a plurality of learners at geographically separate locations,
comprising [of]: receiving at a teacher's computer system, for
each learner, a video feed generated by a camera at the learner's
location . . . simultaneously displaying two or more of the video
feeds on a display screen associated with the teacher's computer
system . . . receiving and displaying at the teacher's computer
system one or more private questions to the teacher . . .
allowing the teacher to select one of the learners for
individualized instruction . . . wherein the private questions
can be submitted by one or more selected learners via a text
message, an audio or a video . . . wherein the teacher responds
to the one or more selected learners by a text message, audio or
video by establishing a private video or audio communication
channel . . . wherein the teacher broadcasts the text, audio or
video messages to a group of the selected learners by allowing
the communication channel to be non-private . . . wherein
allowing the teacher to store the video feeds, annotating the
stored video feeds and selectively transmit the annotated stored
video feed to one or more selected learners."  U.S. Patent No.
8,435,038 B2 (filed Oct. 17, 2006), Compl. Ex. A, ECF No. 1-1.
The court notes that the additional independent claims and method
claims are routine, non-novel, and do not transform the concept
into a non-abstract idea for purposes of step 1 of the <u>Alice</u>/<u>Mayo</u>
test.

14

concept of creating a virtual, interactive learning
environment via computer and internet technology to be
"abstract" for purposes of step one of a Section 101
analysis); <u>see also</u> <u>IpLearn, LLC v. K12, Inc.</u>, 76
F.Supp.3d 525, 533 (D. Del. 2014) (finding claims with
several computer-aided steps such as "analyzing [] test
results," "allowing access to areas of a subject on the
Internet," and "strong the learner's materials" were
all directed to the abstract idea of "instruction,
evaluation, and review"); <u>IpLearn-Focus, LLC v.</u>
<u>Microsoft Corp.</u>, No. 14-cv-00151-JD, 2015 WL 4192092,
at *5 (N.D. Cal. July 10, 2015) (finding claims with
elements including "displays," "imaging sensors," and
monitoring over a network were directed to the abstract
idea of teaching, or the concept of a monitored
response to presentations).  Finally, Plaintiff
concedes that the '038 Patent is "[a] method for
teaching a practical skill to a plurality of learners
at geographically separate locations."  Compl. Ex. A,
ECF No. 1-1; <u>see also</u> Opp'n 11-12.  This Court finds
that the subject matter of the '038 Patent constitutes
an abstract idea under 35 U.S.C. § 101.

> c.  *The claims' limitations fail to add an*
> *"inventive concept."*

Having determined that the claims of the '038
Patent are directed to the abstract idea of teaching a
practical skill to multiple learners at geographically
separate locations, the Court now "examine[s] the

limitations of the claims to determine whether the claims contain an 'inventive concept' to 'transform' the claimed abstract idea into patent-eligible subject matter." <u>Ultramercial II</u>, 772 F.3d at 715 (quoting <u>Alice</u>, 134 S. Ct. at 2357). "A claim that recites an abstract idea must include 'additional features' to ensure 'that the [claim] is more than a drafting effort designed to monopolize the [abstract idea].'" <u>Alice</u>, 134 S. Ct. at 2357 (quoting <u>Mayo</u>, 132 S. Ct. at 1297). "Those 'additional features' must be more than 'well-understood, routine, conventional activity.'" <u>Ultramercial II</u>, 772 F.3d at 715 (quoting <u>Mayo</u>, 132 S. Ct. at 1298). The "mere recitation of a generic computer cannot transform a patent-ineligible abstract idea into a patent-eligible invention." <u>Alice</u>, 134 S. Ct. at 2358.

Plaintiff points to limitations on the claims of the '038 Patent and suggests that those limitations take the claims out of the abstract field of virtual internet learning. Opp'n 11-12. Plaintiff argues its patent "features the use of private instruction concurrently with group instruction," within which a teacher can privately respond to a message sent by a student. However, this Court finds the steps of the asserted claims comprise the abstract concept of creating an interactive, real-time learning environment. For example, the method claims involve allowing students to send video, audio or text messages

to the instructor through a private communication
channel, and allowing the teacher to respond to that
student privately, or to open the communication channel
and enable a non-private response.  The teacher may
store and annotate video graphics, and may transmit the
annotated video feed to one or more of the learners for
display on their devices at their respective locations.

This Court finds that none of these limitations /
"additional features" change the *purpose* of the claims,
which is the proper inquiry under the law.  Further,
Plaintiff does not appear to, nor does it claim to have
invented any specialized technology to perform these
functions.  Plaintiff simply uses routine, established
computer and internet technologies to implement its
abstract idea of remote, interactive instruction.
Accordingly, Plaintiff has shown no "'inventive
concept,'" meaning an element or combination of
elements that is "sufficient to ensure that the patent
in practice amounts to significantly more than a patent
upon the [ineligible concept] itself." Mayo, 132 S.
Ct. at 1294; see Cogent Med., Inc. v. Elsevier Inc., 70
F. Supp. 3d. 1058, 1064 n. 3. (N.D. Cal. 2014) (noting
that "[i]t is important to distinguish novelty and
obviousness from the 'inventive feature' inquiry
required by the Supreme Court in Alice.").

Plaintiff has failed to meaningfully identify any
factual disputes as to the key terms of the Patent so
as to warrant deferment of this Court's decision on the

17

'038 Patent's eligibility prior to further claim construction.  Further, it is not clear to this Court how further briefing on the exact functioning of the system would persuade this Court otherwise, as the claims and methods involved are routine, non-novel, clear and obvious practices that are understood by this Court.  Upon review of the '038 Patent, Defendant's Motion, and all relevant papers, the Court finds the '038 Patent is ineligible under 35 U.S.C. § 101.  Defendant has met its burden of proving that the '038 Patent is invalid as a matter of law, and thus, the Court **GRANTS** Defendant's Motion to Dismiss [12].

### III.   CONCLUSION

Based on the foregoing, this Court **GRANTS** Defendant's Motion [12], without leave to amend.

The Clerk shall close this action.

**IT IS SO ORDERED.**

DATED: June 7, 2016                    RONALD S.W. LEW
                                       _____
                                       **HONORABLE RONALD S.W. LEW**
                                       Senior U.S. District Judge